UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ALLEN DAVIS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-0389-JDP (P)<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), his mental health treatment team, and CDCR Administration. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21 Plaintiff purports to bring claims under the Eighth Amendment, checking the boxes for
22 basic necessities, disciplinary proceedings, excessive force, mail, property, threat to safety, access
23 to the court, medical care, and retaliation. ECF No. 1 at 4. His factual allegations, however, are
24 impossible to understand. As best I can discern, he alleges that an unidentified individual hit in
25 him in the back of the head, and he suffered injuries. *Id.* at 3. He believes that he is being
26 targeted by unidentified individuals. *Id.* at 4. He alleges that "they" slander him and "show
27 unprofessional behaviors." *Id.* As it currently stands, the complaint fails to provide notice to
28 each defendant of the claims against them and fails to meet Rule 8's pleading requirements.

  Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

  Accordingly, it is hereby ORDERED that:

  1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

  2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

  3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

  4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

  5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 17, 2025           _____
                    JEREMY D. PETERSON
                    UNITED STATES MAGISTRATE JUDGE