UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ALLEN DAVIS, JR., | Case No. 2:25-cv-0389-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, *et al.*, | |
| Defendants. | |

On April 18, 2025, I screened plaintiff's complaint and dismissed it for failure to state a claim. ECF No. 6. I ordered plaintiff to file, within thirty days, either an amended complaint or a notice of voluntary dismissal of this action. *Id.* Plaintiff failed to comply with that order. Therefore, on September 23, 2025, I ordered plaintiff to show cause why this action should not be dismissed. ECF No. 9. I notified plaintiff that if he wished to continue with this lawsuit, he must file an amended complaint. I also warned plaintiff that failure to comply with the September 23 order would result in a recommendation that this action be dismissed. *Id*. Plaintiff has not responded to the order to show cause, and the time to do so has passed.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*,

1

1  216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
2  comply with these Rules or with any order of the Court may be grounds for imposition by the
3  Court of any and all sanctions . . . within the inherent power of the Court.").

4       A court may dismiss an action based on a party's failure to prosecute an action, failure to
5  obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54
6  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
7  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
8  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
9  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
10 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
11 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
12 prosecution and failure to comply with local rules).

13      In recommending that this action be dismissed for failure to comply with court orders, I
14 have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's
15 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
16 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
17 *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

18      Here, plaintiff failed to respond to the order directing him to file an amended complaint or
19 notice of voluntary dismissal. *See* ECF No. 6. Therefore, the public interest in expeditious
20 resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the
21 defendant all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that
22 failure to obey court orders will result in dismissal satisfies the "considerations of the
23 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779
24 F.2d at 1424. The September 23, 2025 order expressly warned plaintiff that failure to comply
25 with court orders would result in dismissal. ECF No. 9. Plaintiff had adequate warning that
26 dismissal could result from noncompliance. I therefore find that the balance of factors weighs in
27 favor of dismissal.
28

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to state a claim, failure to prosecute, and for failure to comply with court orders for the reasons stated in the April 18, 2025 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3