UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE ALLEN DAVIS, JR.,

Plaintiff,

v.

CDCR, *et al.*,

Defendants.

Case No. 2:25-cv-0389-DJC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff filed this action on January 27, 2025. ECF No. 1. It was transferred to this district, and on April 18, 2025, I dismissed the complaint with leave to amend for failure to state a claim. ECF No. 6. Plaintiff was ordered to file an amended complaint or notice of voluntary dismissal within thirty days. *Id.* On September 23, 2025, having not received any filings from plaintiff, I issued an order to show cause. ECF No. 9. Plaintiff failed to respond. Accordingly, on December 5, 2025, I recommended that this action be dismissed for failure to state a claim, failure to prosecute, and failure to comply with court orders. ECF No. 10. On December 22, 2025, plaintiff filed a motion seeking additional time to file an amended complaint. ECF No. 11. I granted plaintiff's request on December 29, 2025, and vacated the December 5, 2025 findings and recommendations. ECF No. 12. Plaintiff filed another motion for an extension of time on February 2, 2026. ECF No. 13. I granted that motion in part and ordered plaintiff to file an amended complaint within twenty-one days. ECF No. 15. Plaintiff again failed to comply, so on

May 5, 2026, I issued a second order to show cause. ECF No. 16. Plaintiff responded to the order to show cause, arguing that he expected the court to appoint him counsel. ECF No. 17 at 1-2. I advised plaintiff that he is not entitled to appointment of counsel in a civil action. ECF No. 18. In the event plaintiff was attempting to retain counsel on his own, I granted him an additional twenty-one days to submit an amended complaint. Plaintiff has not filed a response.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff failed to comply with numerous court orders, including several ordering plaintiff to file an amended complaint or a notice of voluntary dismissal. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, my

warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The September 10, 2026 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 18. Plaintiff had adequate warning that dismissal could result from noncompliance. I therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice for failure to prosecute, failure to comply with court orders, and failure to state a claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE